MISSOURI PACIFIC RAILROAD CO., BALDWIN, ET AL. TRUSTEES, v. KUYKENDALL.

4-4390

Opinion delivered November 2, 1936.

*Thomas B. Pryor* and *W. L. Curtis,* for appellants.
*Partain & Agee,* for appellee.

SMITH, J. This appeal is from a judgment awarding damages in an overflow case. The facts out of which the litigation arose are fully and sufficiently stated in the case of *Baldwin* v. *Neal,* 190 Ark. 673, 80 S. W. (2d) 648,

and are identical, with one exception presently to be mentioned.

It was alleged in both cases that a trestle ninety feet wide across Clear Creek bottom had been filled in with earth, and, as was said in the former opinion, "When it was closed at that time, there was left of the opening a concrete box or space about four by five feet, through which the accumulated water should pass."

The lands of Neal, the plaintiff in the former case, were on one side of the railroad embankment, and those of the plaintiff in the instant case were on the opposite side. From this statement it may appear anomalous that both parties should recover damages occasioned by impounding water. But the anomaly is more apparent than real when it is stated, as was recited in the former case, the water was impounded by the railroad embankment until a column of water was accumulated which forced or blew out the embankment constructed across the creek bottom. It was there said: "If the water had been permitted to go according to the natural drainage, and without having been retarded or impeded by the railroad dump, it would have spread out and would have gone over the land, but without the force and volume that followed the breaking of the embankment." In the instant case the impounded waters were restrained until they covered appellee's strawberry fields and killed some of the plants and destroyed a crop of berries then in process of being marketed. In the former case the damages were occasioned by the sudden blowing out of the embankment, which caused a great column of water to flow suddenly and with great rapidity over the owner's land; while in the instant case the testimony was to the effect that the embankment held for a time sufficient to result in the damages for which appellee sued.

The basis of the suit in each case was the failure to supply sufficient openings to carry away the surface water "according to the natural drainage, and without having been retarded or impeded by the railroad dump."

The law of the case was there declared, and need not be here repeated. It will suffice to say that the instructions

given in the instant case conformed to the law as declared in the former case. The defense was interposed here, as it was there, that the embankment for a state highway had occasioned the damage, and that question was submitted to the jury here, as it was there. In each case there was testimony to the effect that the impounded water covered the highway to a depth of two or three feet. There are certain other questions of fact which were submitted to the jury in this case, as in that, which are concluded by the verdict.

One question of fact not concluded by the verdict is that the damages assessed are excessive. The testimony tending to support the verdict was to the following effect: Appellee had twenty acres of strawberries ripening for the market. He had picked only twenty-three crates. His field consisted of twenty acres, on twelve of which there were new plants, and he had cleared two thousand dollars on the other eight acres on which the plants were old the preceding year. Several persons familiar with marketing berries, who were also familiar with appellee's strawberry field, stated that appellee had a "real crop," and that the berries were of unusually fine quality. One witness stated they were the best berries in the county. These witnesses all placed the damages at a sum in excess of a thousand dollars, the amount of the verdict. We cannot, therefore, say that it was excessive.

It is insisted here, as was done in the former case, that the trustees who were operating the railroad at the time the damage was done cannot be held liable therefor, for the reason that the cause of the damage, the filling in of the trestle without leaving sufficient openings, had occurred before they became trustees charged with the operation of the railroad. This question was also considered and disposed of by the opinion in the former case adversely to appellants' contention.

As no error appears, the judgment must be affirmed, and it is so ordered.